For plaintiff: Clifford, Whipple, McGee.

For defendant: William A. Gunning.

Philip S. Simmons
vs.    No. 2454.
Lewis L. Simmons

July 7, 1934.

POULIOT, J. Heard on appellee's motion for a new trial after a jury returned a verdict "breaking" the will of Annie Simmons.

There is only one real issue in this case, and that is the question of testamentary capacity on the part of Mrs. Simmons at the time the will was executed on July 28, 1933.

The jury had been out several hours without being able to agree. When it came in to report, the Court inquired if it could be of any assistance. The foreman after conferring with certain members on the panel, requested that Dr. Stuart's testimony be

read, in connection with what he said about Mrs. Simmons' testamentary capacity. This was done, the jury retired, and within a few minutes returned with a verdict, apparently basing its decision on that testimony, which was, in substance, that he couldn't very well see how she could have sufficient ability to understand the making of a will.

Now, Dr. Stuart's opinion is based upon calls lasting 5 minutes, during which he had no conversation with Mrs. Simmons. He assumed she was being given the frequent doses of narcotics he had instructed the nurses to administer.

As against that opinion, we have testimony, credible and trustworthy, of the actual conversation and conduct of the deceased. Close to the time of the will's execution, we find her thanking Miss Wev, one of contestant's witnesses, for flowers sent the previous day; discussing with her night nurse, who has no interest in the outcome of this controversy, a story from a magazine; instructing her attendants to call Lewis Simmons, requesting him to call the next day and bring a prior will she had made and which was in his custody; informing Lewis Simmons, on the morning of July 29th that she had made a new will the day before and wanted her old will destroyed. These are facts which show what her mentality was at the time.

It seems to the Court that the proof of facts and circumstances which show testamentary capacity should prevail over an opinion of a physician who had no occasion or opportunity to observe the mental reactions of his patient.

The Court finds that the evidence of testamentary capacity on the part of Mrs. Simmons is overwhelmingly in favor of sustaining her will.

Appellee's motion for a new trial is therefore granted.

For appellant: Burdick, Corcoran & Peckham.

For appellees: Sheffield & Harvey.